UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
**EASTERN DIVISION**

| | |
|---|---|
| **TINA MOORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV1841 HEA |
| | ) |
| TASER INTERNATIONAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. [Doc. No. 9]. Conversely, Defendant Ed Roehr Auto Radio Co., d/b/a Ed Roehr Safety Products, Co., has filed a Motion to Dismiss for Failure to State a Claim, [Doc. No. 11]. The parties oppose the other's Motion. For the following reasons, the motion to remand will be granted.

### **Facts and Background**

On September 16, 2014, Plaintiff filed her original Petition in this wrongful death products liability action in the Circuit Court of St. Louis County, Twenty–First Judicial Circuit, naming Taser International, Inc. and Roehr. Defendants removed the case on October 31, 2014 based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Plaintiff seeks remand to state court based upon a lack of diversity since Roehr is a Missouri citizen. Roehr opposes remand

and has filed a motion to dismiss, arguing that it was named as a defendant to destroy diversity.

Plaintiff's Complaint alleges Plaintiff's decedent died as a result of being tased with Defendant Taser's Model X26 ECD electrical weapon by a member of the Ferguson Police Department. Plaintiff contends the product was unreasonably dangerous, was defectively designed, and that defendants failed to warn the Ferguson Police Department of the defects in the device, were negligent for supplying a dangerous instrumentality for their business purposes, intentionally misrepresented material facts about the X26, fraudulently concealed and deceived the Ferguson Police Department and other law enforcement agencies material and important facts about the X26, and negligently misrepresented material facts.

## Discussion

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between all plaintiffs and all defendants. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97, n.6 (8th Cir.1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Carey v. JP Bushnell Packing Supply Co.,* 2011 WL 6415178, at *2 (E.D.Mo. December 21,

2011) (citing *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1991)). A district court is required to resolve all doubts about federal jurisdiction in favor of remand to state court. *In re Business Men's Assur. Co.,* 992 F.2d at 183; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.,* 298 U.S. 178, 189 (1936). Thus, in a removed case, the removing defendant bears the burden of proving that all prerequisites to jurisdiction. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir.2009). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir.2002).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." *Manning v. Wal–Mart Stores East, Inc.,* 304 F.Supp.2d 1146,

1148 (E.D.Mo.2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity of citizenship are not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The diversity jurisdiction statute has been interpreted to require complete diversity of citizenship, which "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007). Here, Defendant Roehr argues that it was fraudulently joined to defeat diversity jurisdiction.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro,* 591 F.3d at 620 (citing 14B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3723 at 788–89 (4th ed.2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (cited case omitted).

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir.2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the

4

controversy.'" *Id.* (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson,* 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir .2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law. *Id.* at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the

federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'"

*Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)). In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see *Filla,* 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

> Fraudulent joinder does not exist where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir.2010) (citation omitted). In order to establish fraudulent joinder, the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" since "we do not focus on the artfulness of the plaintiff's pleadings." *Knudson* 634 F.3d at 980. In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to "determine if there is any factual support" for the claims against the allegedly fraudulently joined defendant. *See Masepohl v. Am. Tobacco Co., Inc.,* 974 F.Supp. 1245, 1250 (D.Minn.1997). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir.2010). *Block v. Toyota Motor Corp.,* 665 F.3d 944, 948 (8th Cir.2011).

*Vang v. PNC Mortg., Inc.*, 517 Fed.Appx. 523, 524 -525 (8th Cir. 2013).

Defendant argues that Plaintiff's single allegation against Defendant Roehr is that it "sold" the X26 to the Ferguson Police Department, and that Roehr did not "sell" the taser, rather, it received payment from the Ferguson Police Department

6

and in turn made payment to Taser. Indeed, it further argues that it did not even take physical possession of the taser, which shipped directly from Taser to the Ferguson Police Department. Defendant argues that its involvement in the sale of the Taser was merely administratively handling the sale processing an invoice, receiving funds from the Ferguson Police Department for payment of the taser, and then in turn paying Taser for the Product. Defendant does, however, admit that it is in the business of selling and distributing Taser products to law enforcement in Missouri.

Plaintiff argues essentially that Roehr is utilizing form over substance in its possession argument. But for the fact that Roehr did not have this specific Taser in its inventory, it would have shipped the taser directly to the Ferguson Police Department. The real question, therefore, is whether Roehr falls within the perimeters of a seller/distributor in the stream of commerce.

The common thread among Missouri products liability cases is that an entity must have "' plac[ed] a defective product in the stream of commerce.'" *Bailey v. Innovative Mgmt. & Inv., Inc.*, 916 S.W.2d 805, 807-08 (MoCt.App. 1995)(quoting *Gunderson v. Sani-Kem Corp.*, 674 S.W.2d 665, 668 (Mo.Ct.App. 1984)…."'[I]t is the defendant's *participatory connection, for his personal profit or other benefit,* with the injury-producing product and *with the enterprise that created consumer demand for and reliance upon the product* which calls for the imposition of strict

liability…'" *Bailey*, 916 S.W.2d at 807-08 (quoting *Gunderson,* 674 S.W.2d at 668) *Ford v. GACS, Inc.*, 265 F.3d 670, 680 (8th Cir. 2001)(emphasis in original).

Plaintiff alleges that Roehr was the sole distributor of Tasers to the Ferguson Police Department and that it profited by its actions regarding this particular taser. A Missouri court might well determine that plaintiff may pursue his claims against this defendant. Although the issue is debatable, the Eighth Circuit has instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" *Filla*, 336 F.3d at 811. (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)). *See Bock v. Liberty Restaurant Group,* No. 4:13–CV–781, 2013 WL 4504375, at *3 (E.D.Mo. Aug. 23, 2013)(J. Fleissig); *Hall v. Avis Budget Car Rental, LLC.,* No. 4:12–CV–738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); *Dones v. Sensient Colors, LLC,* No. 4:12–CV216, 2012 WL 1802438, at *3 (E.D.Mo. May 17, 2012) (J. Fleissig); *Huye v. Life Care Centers of* Am., Inc., No. 4:12–CV–111, 2012 WL 1605250, *3 (E.D.Mo. May 8, 2012) (J. Jackson); *Fernandez v. GMRI, Inc.,* No. 4:11–CV–244, 2011 WL 6884797, at *3 (E.D.Mo. Dec. 29, 2011) (J. Fleissig); *Jameson v. Gough,* No. 4:09–CV–2021, 2010 WL 716107, at *4 (E.D.Mo. Feb. 24, 2010) (J. Sippel); *Moss v. Defender Servs., Inc.,* 1:08–CV–88, 2009 WL 90136, at

\*3 (E.D.Mo. Jan. 14, 2009) (J. Shaw) (same); *Messmer v. Kindred Hosp. St. Louis,* No. 4:08–CV–749, 2008 WL 4948451, at \*3 (E.D.Mo. Nov. 10, 2008); (J. Jackson); *Peterson v. Concentra, Inc.,* 4:07–CV–387, 2007 WL 1459826, at \*2 (E.D.Mo. May 16, 2007) (J. Stohr); see also *Speraneo v. Zeus Tech., Inc.,* 4:12–CV–578, 2012 WL 2885592, at \*6 (E.D.Mo. Jul. 13, 2012) (J. Ross.) (denying Rule 12 motion to dismiss); *Breidenbach v. Shillington Box Co., LLC,* 4:11–CV–1555, 2012 WL 85276, at \*7 (E.D.Mo. Jan. 11, 2012) (J. Hamilton) (same); *Shivers v. City of University City,* 4:09–CV–630, 2010 WL 431791, at \* 5 (E.D.Mo. Feb. 2, 2010) (J. Limbaugh Jr.) (same); *but see Warren v. Dr. Pepper/Seven Up Mfg. Co.,* 4:13–CV–526, 2013 WL 4507846, at \*3 (E.D.Mo. Aug. 23, 2013) (J. Webber) (denying motion to remand); *Borders v. Trinity Marine Products, Inc.,* No. 1:10–CV–146, 2011 WL 1045560, at \*1–2 (E.D.Mo. Mar. 17, 2011) (J. Autrey) (same, based on older case law).

The merits of the Plaintiff's action are not before the court. Rather, at this stage of the litigation the court must determine whether "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants...." *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.), *cert. denied,* 498 U.S. 1085 (1991); 913 F.2d at 111 (citation omitted). In so doing, the court has "resolve[d] all contested issues of substantive fact in favor of the plaintiff and [has] resolve[d] any uncertainties as to the current

9

state of controlling substantive law in favor of the plaintiff." *Id.* (citations omitted). "[J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (citation omitted).

## Conclusion

Plaintiff's Petition sets out her theory of Defendant Roehr's involvement and participation in the distribution of the taser. Moreover, Plaintiff details her belief that Roehr was aware of the alleged dangers of this product and failed to take steps to warn users of the dangers. As such, Plaintiff has stated a claim against Roehr for the purposes of the motion to remand. Defendant is free to challenge the sufficiency of these allegations in the state court. This Court, however, is without jurisdiction over the matter for lack of complete diversity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 9], is granted.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of

St. Louis County, State of Missouri.

Dated this 7th day of August, 2015.

                                              _____
                                              HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE